HARVEY W. PETERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peters v. Commissioner
Docket No. 8894-92
United States Tax Court
T.C. Memo 1993-259; 1993 Tax Ct. Memo LEXIS 263; 65 T.C.M. (CCH) 2948; June 14, 1993, Filed *263 Decision will be entered under Rule 155. Harvey W. Peters, pro se. For respondent: Abbey B. Garber. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency in petitioner's 1989 Federal income tax of $ 1,251 and an addition to tax under section 6662(b)(1) of $ 104. The issues for decision are: (1) Whether dividends received and capital gains realized constitute income from a trade or business activity; (2) whether certain expenses are deductible as trade or business expenses under section 162(a), or instead are deductible as itemized deductions; (3) whether certain other expenses are otherwise deductible; and (4) whether petitioner is liable for the accuracy-related penalty for negligence under section 6662(b)(1). *264 Some of the facts were stipulated and are found accordingly. The stipulation and attached exhibits are incorporated by reference. Petitioner was a resident of Arlington, Texas, at the time he filed his petition. Petitioner is a mechanical engineer. During 1989, he was employed full time by Glitsch, Inc. (Glitsch), designing equipment used in the petrochemical industry. Petitioner envisioned that he would not be able to make a career in his employment with Glitsch and began making plans to eventually become self-employed as a consulting engineer in his field. With that in mind, petitioner, during 1989, purchased computer hardware and software to be used in two aspects of a consultation business: Investment and analysis, and research and development of mechanical components. Petitioner left his employment with Glitsch during 1992 and went into the consultation business full time. In order to fund his purchase of his computer equipment, petitioner, during 1989, sold stock he owned in two corporations, Cameron Iron Works and Middle South Utilities. Both are publicly held corporations. Prior to his sale of the stock, petitioner received dividends totaling $ 365.55 during 1989. *265 His sale of the stock resulted in petitioner's realizing a capital gain of $ 1,858.37. Petitioner had no clients and performed no consultation services during 1989. He referred to his activity as "Peters' Enterprises" and, on his 1989 Federal income tax return, filed two Schedules C to report his consultation activities. On one Schedule C, for the activity referred to as "Research and Development of Mechanical Components", petitioner reported gross income from rental of equipment of $ 100 and claimed no expenses. On the other Schedule C, captioned "Investment and Analysis", petitioner reported the following income and expenses: Gross Income (capital gain and dividends)
$ 2,223.92 Expenses:
Advertising
$ 37.50
Depreciation
3,589.21
Interest (other)
286.96
Legal and professional services
272.31
Taxes
440.03
4,626.01 Net Profit (Loss)
($ 2,402.09)
The gross income consisted of the $ 365.55 dividends petitioner received on his two corporate stocks and the $ 1,858.37 capital gain realized on the sale of the corporate stock. Respondent agreed that petitioner incurred the amounts claimed as expenses but questioned their deductibility. In the *266 notice of deficiency, the $ 2,223.92 gross income was recharacterized as dividend and capital gain income, reportable, respectively, on the front of Form 1040 and Schedule D of the Federal income tax return rather than as Schedule C trade or business activity income. Some of petitioner's expenses were allowed as Schedule A itemized deductions and were disallowed as trade or business expenses. These included other interest, $ 286.96, legal and professional services, $ 272.31, and advertising, $ 37.50. The remaining expenses, $ 3,589.21 for depreciation and $ 440.03 for taxes, were disallowed as Schedule C expenses and were not allowed as Schedule A deductions. Petitioner disagrees with these determinations. The determinations by respondent in a notice of deficiency are presumed correct, and the burden is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). The first issue is whether petitioner's dividend and capital gain income was properly reported as income from a trade or business activity on Schedule C of his return. Petitioner's position is that he used the cash from the dividends *267 and the sale of his stock to purchase the computer equipment to be used in his consultation and analysis business and that, without the cash from these two sources, he could not have purchased the equipment. Petitioner's argument is without merit. The stock he held had no relationship to the activity he planned to enter into. Moreover, his activities as a consultant (if any) did not create the dividend and capital gains income. Respondent, therefore, is sustained in the recharacterization of these two income items. The second issue involves the interest, legal and professional services, and advertising expenses which respondent recharacterized and allowed as Schedule A itemized deductions. At trial, petitioner testified that the interest was paid to a stockbroker on amounts owed for stock which had been purchased on margin. Respondent characterized this expense item as personal interest under section 163(h)(2), and only 20 percent was allowed as a deduction for 1989 pursuant to the phase-in limitation provisions of section 163(h)(5). Based on petitioner's testimony, we find that this item constitutes investment interest under section 163(d) rather than personal interest and *268 is, therefore, allowable subject to the limitations of sections 163(d) and 67(a). Petitioner testified that the legal and professional services expense was for a Dow Jones computer service which tracked stock prices, and the advertising was for a newspaper advertisement soliciting patent development work for petitioner's planned research and development activity. Respondent recharacterized both expenses as miscellaneous itemized expenses deductible on Schedule A, but allowable only to the extent such expenses exceeded 2 percent of petitioner's adjusted gross income as provided in section 67(a). Petitioner presented no evidence to satisfy this Court that these three categories of expenses constituted trade or business activity expenses. Respondent, therefore, is sustained with respect to the legal and professional services and advertising expenses. The third issue is with respect to the $ 3,589.21 claimed for depreciation and $ 440.03 for taxes. Petitioner testified that the taxes were sales taxes paid on the purchase of the computer equipment. The depreciation deductions were also attributable to the computer equipment. These two items were disallowed as Schedule C expenses *269 and were not allowed as Schedule A itemized deductions. Section 162(a) allows a deduction for expenses incurred "in carrying on any trade or business". To be engaged in a trade or business, the taxpayer must be involved in the activity under consideration with continuity and regularity. Commissioner v. Groetzinger, 480 U.S. 23, 25 (1987). The record does not support a finding that petitioner was engaged in a trade or business activity during 1989 apart from his employment. He was a full-time employee of Glitsch that year, and the only activity he performed in connection with the consultation and analysis business was the purchase of equipment. He had no clients during 1989. At most, petitioner was merely planning to enter into business during 1989. Petitioner's activities, therefore, during 1989, did not reach the level of "carrying on" an active trade or business, and the expenses cannot be deducted as incident to any trade or business. Furthermore, petitioner presented no evidence to prove, in 1989, the computer equipment was property held for the production or collection of income under section 212(1). [2] Therefore, respondent's disallowance *270 of the sales tax and depreciation deductions is sustained. Respondent also determined that petitioner is liable for the accuracy-related penalty under section 6662(b)(1) for negligence or disregard *271 of rules or regulations. [3]Section 6662(a) provides for an addition to tax equal to 20 percent of the portion of the underpayment to which the section applies. Under section 6662(c), "'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard." In the notice of deficiency, respondent determined the negligence penalty applied to the underpayment in tax attributable to the erroneous deductions petitioner claimed as offsets against the $ 1,858.37 capital gain petitioner realized from the sale of his corporate stock. Petitioner reported this gain on Schedule C as income attributable to a trade *272 or business activity, and the entire amount was offset by expenses incorrectly claimed as trade or business expenses. At trial, petitioner admitted he thought the only way he could "write off these expenses" was to use a Schedule C. Therefore, petitioner's treatment of these items was only an attempt to further reduce his tax liability irrespective of whether or not it was the correct characterization of the income. The Court finds that the underpayment attributable to petitioner's treatment of his capital gain and claiming of erroneous deductions was due to negligence or disregard of rules or regulations and the accuracy-related penalty is sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 167(a)(2) allows a deduction for depreciation when attributable to property held for the production of income; however, petitioner presented no evidence on this issue and, therefore, fails to meet his burden of proof. Rule 142(a)↩. As to the sales tax, sec. 164(a) allows a deduction for certain taxes paid which are attributable to an activity carried on for the production or collection of income; however, since petitioner presented no evidence on this issue, the taxes paid in connection with the acquisition of petitioner's property should be treated as part of the cost of the acquired property. Sec. 164(a). The Court also notes that sec. 164(a) was amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1432(a)(1), 100 Stat. 2085, 2729, to eliminate a deduction for general sales tax as an itemized deduction.
3. The prior addition to tax for negligence under sec. 6653 was repealed for income tax returns due to be filed after Dec. 31, 1989, and was replaced with an accuracy-related penalty under sec. 6662↩. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721(c), 103 Stat. 2106, 2399.